■ ROSE CALABRESE, Appellant, v. VINCENT CALABRESE, Respondent.— In an action for separation, appellant moved to punish respondent for contempt of court for failing to pay $50 a week temporary alimony pursuant to a court order. The Official Referee to whom the matter was referred to hear and report, after hearing respondent claim that he was unemployed and had no source of income, found no change in circumstances since the granting of the original order. Special Term granted the motion to punish, with leave to respondent to purge himself of the contempt by paying the current alimony of $50 a week plus $10 a week on account of the arrears of $1,000, in default of which a commitment was to issue forthwith on application to the court. There was no appeal from that order. Upon respondent's failure to comply, appellant moved for the issuance of an order of commitment. Respondent reasserted his destitute condition heretofore mentioned and claimed that he has a job paying $60 to $70 a week but that, because of illness, he was only able to earn $75 during the past month. Special Term stayed the motion to commit on condition that respondent pay $25 a week alimony and $5 on account of the arrears, then amounting to $2,100, with a provision for an application to increase the weekly payments upon proof that respondent is able to earn $60 to $70 a week. Appellant's application for a reconsideration was granted and the original determination was adhered to. Order modified by striking from the second ordering paragraph everything following the words "upon re-consideration" and by substituting therefor a provision that the motion for the issuance of the order of commitment be granted. As so modified, order affirmed, without costs. There was no showing of changed circumstances, as required by section 1172-a of the Civil Practice Act. In fact, the circumstances have improved since the motion to punish for contempt was granted, in that respondent is now employed. Moreover, while respondent's recent illness warranted relief by the court for the period of illness, it is not a ground for having failed to comply with the provisions of the order for so substantial a period preceding the illness. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. concur.